Dora Lane
Nevada Bar No. 8424
Steven J.T. Washington
Nevada Bar No. 14298
**HOLLAND & HART LLP**
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134
Phone: 702.669.4600
Fax: 702.669.4650
dlane@hollandhart.com
sjwashington@hollandhart.com

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ISABEL BURGOS-DUMANI,<br><br>Plaintiff,<br><br>v.<br><br>INCORP SERVICES, INC., IO Staffing, Inc., a Nevada Corporatin; LOUISE BREYTENBACH, an individual; DOES 1-10 and ROE CORPORATE ENTITIES 1-10,<br><br>Defendants. | Case No.: 2:23-cv-01446-APG-EJY<br><br>**DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**SUBMITTED IN COMPLIANCE WITH LR 26-1(b)** |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule ("LR") 26-1, the undersigned counsel for Plaintiff ISABEL BURGOS-DUMANI ("Plaintiff" or "Dumani") and Defendants Incorp Services, Inc., IO Staffing, Inc., and Louise Breytenbach ("Defendants"), submit this Discovery Plan and Scheduling Order in the above-referenced matter. The foregoing plan is in accordance with relevant federal and local rules.

**I.** Information Required by Fed. R. Civ. P. 26(f):

**1. Fed. R. Civ. P. 26(f) Meeting:**

Counsel for the Parties met and conferred pursuant to FRCP 26(f) and LR 26-1 on October 11, 2023, at 2:00 p.m.

**2. Initial Disclosures:**

The Parties agree, pursuant to LR 26-1, that they will exchange their respective initial disclosures by Wednesday, October 25, 2023; within fourteen (14) days of the date of the initial

26(f) conference, and that there should be no changes to the initial disclosure requirements of FRCP 26(a)(1). The Parties should immediately commence discovery.

### 3. Subjects on Which Discovery Will be Conducted:

Defendants removed this matter to federal court on September 15, 2023. ECF No. 1. Defendants filed their Motion to Dismiss on September 22, 2023. ECF No. 6. On October 6, 2023, Plaintiff filed an Amended Complaint (ECF No. 8) and Opposition to the Motion to Dismiss (ECF No. 11). On October 6, 2023, the Court issued its Order Denying Motion to Dismiss as Moot (ECF No. 13).

The Parties anticipate conducting discovery as needed on all of their claims and defenses, and their alleged damages. Currently, the Parties do not request phased or limited discovery, or any order under Rules 16(b), (c), or 26(b).

Discovery may be conducted on all discoverable matters relevant to issues raised by the Complaint, Answer, and any subsequent pleadings, consistent with the Federal Rules of Civil Procedure and the Local Rules of this District.

### 4. Electronically Stored Information:

The Parties agree that, to the extent feasible, electronically stored information will be produced as hard copies and/or PDF files in an electronic format.

### 5. Claims of Privilege or Protection:

The Parties agree to be bound by Federal Rule of Evidence 502 regarding the disclosure of privileged material or work product. Further, the Parties acknowledge and agree that while each is taking reasonable steps to identify and prevent disclosure of any document which they believe is privileged, there is a possibility that certain privileged material may be produced inadvertently. Accordingly, the Parties agree that a party who produces a document protected from disclosure by the attorney-client privilege, attorney work product doctrine or any other recognized privilege ("privileged document") without intending to waive the claim of privilege associated with such document may promptly, meaning within fifteen (15) days after the producing party actually discovers that such inadvertent disclosure has occurred, amend its discovery response and notify the other party that such document was inadvertently produced

and should have been withheld. Once the producing party provides such notice to the requesting party, the requesting party must promptly, meaning within seventy-two (72) hours, return the specified document(s) and any copies thereof. By complying with this obligation, the requesting party does not waive any right to challenge the assertion of privilege and request an order of the Court denying such privilege.

**6. Limitations on Discovery:**

Except as otherwise requested above, the Parties agree that discovery will be conducted in accordance with the FRCP and applicable Local Rules without limitation or modification.

**7. Any Other Orders the Court Should Issue:**

The Parties contemplate entering into a stipulation for protective order to preserve the confidentiality of certain designated information. The Parties agree that at this time, no other orders are requested to be entered pursuant to Fed. R. Civ. P. 26(c), 16(b), or 16(c), other than those addressed in this stipulation or the Local Rules of this District.

**8. Discovery Cut-off Deadline:**

The Parties will have 180 days from the date of the first responsive pleading, or September 22, 2023, to complete discovery. Discovery will thus cut off on March 20, 2024.

**9. Amending the Pleadings and Adding Parties:**

The last day to file a motion to amend the pleadings or to add Parties shall be Thursday, December 21, 2023, ninety (90) days prior to the discovery cut-off date. Any party causing additional Parties to be joined or brought to this action shall contemporaneously therewith cause a copy of this Order to be served upon the new party or Parties.

**10. Experts Disclosures:**

The last day for disclosures required by Fed. R. Civ. P. 26(a)(2) and LR 26-1(b)(3) concerning experts shall be Monday, January 22, 2024, sixty (60) after the discovery cut-off (January 20, 2024, the date 60 days prior to March 20, 2024, is a Saturday). Rebuttal expert disclosures shall be made by Wednesday, February 21, 2024, thirty (30) days after the initial disclosure of experts.

**11. Dispositive Motions:**

The last day for filing dispositive motions, pursuant to LR 26-1(b)(4), including but not limited to, motions for summary judgment, shall be ~~Wednesday, February 21, 2024,~~ **Friday, April 19, 2024** thirty (30) days after the discovery cut-off date.

**12. Pretrial Order:**

The last day to file a Joint Pretrial Order pursuant to LR 26-1(e)(5) shall be ~~Friday, April 19, 2024~~ **Monday May 20, 2024**, thirty (30) days after the dispositive motion deadline. In the event dispositive motions are filed, the last day to file the Joint Pretrial Order shall be suspended until thirty (30) days after the ruling on the dispositive motions. The disclosures required by Rule 26(a)(3) and any objections thereto must be included in the joint pre-trial order.

**13. Additional Deadlines:**

Applications to extend any dates set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR 6-1, be supported by a showing of good cause for the extension. In accordance with LR 26-4, all motions or stipulations to extend a deadline set forth in a discovery plan shall be received by the Court no later than twenty-one (21) days before the expiration of the subject deadline. A request made after the expiration of the subject deadline shall not be granted unless the movant demonstrates that the failure to act was the result of excusable neglect. Any motion or stipulation to extend a deadline or to reopen discovery shall include:

a) A statement specifying the discovery completed;

b) A specific description of the discovery that remains to be completed;

c) The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and

d) A proposed schedule for completing all remaining discovery.

It is not good cause for a later request to extend discovery that the Parties informally postponed discovery. No stipulations are effective until approved by the Court, and "[a]ny stipulation that would interfere with any time set for completion of discovery, for hearing of a motion, or for trial, may be only with approved of the Court."

**14. Electronic Evidence:**

The Parties certify that they have discussed whether they intend to present evidence in electronic format to jurors for the purposes of jury deliberations, and the Parties agree and stipulate to the production of evidence in electronic format compatible with the court's electronic jury evidence display system where available.

**15. Alternative Dispute Resolution:**

The undersigned attorneys affirm that they have in good faith discussed alternative dispute resolution and alternative forms of case disposition. The Parties do not agree to use the Short Trial Program.

**16. Conference with Magistrate Judge Before Discovery Motion:**

The Parties agree that, before moving for an order relating to discovery, the movant shall request a conference with the assigned Magistrate Judge.

DATED this 20th day of October 2023.          DATED this 20th day of October 2023.

**HOLLAND & HART LLP**                         **LAW OFFICE OF MARY F. CHAPMAN, LTD.**

*/s/ Steven J.T. Washington*                   */s/ Mary F. Chapman, Esq.*
Dora Lane                                       Mary F. Chapman, Esq.
Nevada Bar No. 8424                             Nevada Bar No. 6591
Steven J.T. Washington                          8440 W. Lake Mead Blvd., Suite 203
Nevada Bar No. 14298                            Las Vegas, NV 89128
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134                             *Attorneys for Plaintiff*

*Attorneys for Defendants*

**ORDER**

IT IS SO ORDERED.

_____
U.S. MAGISTRATE JUDGE

Dated: October 20, 2023

5